Derbigny, J.
delivered the opinion of the court. This is an action brought against the endorser of a promissory note duly protested. The defendant having died since the beginning of the suit, the answer is filed by his executor, who refuses to recognise the signature of the endorser as that of his testator. Upon this refusal two skilful persons were appointed by the court (conformably to the civil code 306, art. 226) to compare that signature with others acknowledged to have been written by the testator and report thereon. They disagreed, and by consent of the parties, a third person was named to settle the difference: but that person not being able to ascertain by the mere comparison of handwriting whether or not the endorsement was in the handwriting of the testator, went about collecting other information on the circumstances of the case, and reported that being satisfied from that enquiry that the testator had really given the endorsement, he was convinced that the signature in dispute was really his.
Paillette for the plaintiff, Denis for the defendant.
To the admission of such a report the defendant objected, but his opposition being overruled he excepted to the opinion of the parish court and on the bill of exception he took we are now called upon to pronounce.
Nothing can be clearer than this point. The persons appointed to judge of a signature by a comparison from handwriting, is not a referee, to whom the examination of the case is entrusted. His task is confined by express law to the comparison, if he can judge thereby, he must report accordingly; if he cannot, he must declare it: any other inquiry for the purpose of aiding his judgment is evidently illegal and the report upon it inadmissible.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the cause be remanded with directions to the judge to try it anew and not to admit the report excepted to: and it is further ordered that the costs of this appeal be borne by the appellee.
See same case, July term 1816.